IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| WILLIAM RANDALL SHEPHERD,  §<br>§<br>Petitioner, §<br>§<br>v. § 2:17-CV-0160<br>§<br>LORIE DAVIS, Director, §<br>Texas Department of Criminal Justice, §<br>Correctional Institutions Division, §<br>§<br>Respondent. § | |

## REPORT AND RECOMMENDATION TO DENY
## PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody. Petitioner is presently incarcerated at the Neal Unit in Potter County, Texas pursuant to two convictions out of Tarrant County, Texas, one for the first degree felony offense of burglary of a habitation with intent to commit arson and one for the first degree felony offense of arson with intent to damage a habitation. *See State v. Shepherd*, Nos. 1413552D and 1413852D. By his federal habeas application, petitioner challenges a prison disciplinary proceeding conducted at the Neal Unit in Potter County, Texas on April 14, 2017. *See* Disciplinary No. 20170245413. In his habeas application, petitioner failed to respond to Question 16 on page 5, whether or not he is eligible for release on mandatory supervision. Petitioner did respond to Question 15 however, stating his convictions did not include a finding that he used or exhibited a deadly weapon.

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release **and** have received a punishment sanction which included forfeiture of previously accrued good-time

credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Review of the online Offender Information Detail maintained by the Texas Department of Criminal Justice confirms petitioner is incarcerated pursuant to the first degree felony offenses of arson and burglary and is serving 10-year sentences. His projected release date is the same as his maximum sentence date, indicating ineligibility for mandatory release. A prisoner serving a sentence for the offense of either arson or burglary is not eligible for mandatory supervised release. Texas Gov't Code § 508.149(a)(10) and (a)(13)(2015). Since petitioner is not eligible for mandatory supervised release, he may not challenge a prison disciplinary proceeding by way of a federal petition for a writ of habeas corpus. *See Malchi*, 211 F.3d at 958. Petitioner's habeas application should be DENIED.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner WILLIAM RANDALL SHEPHERD be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this _30th_ day of August 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).